UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Umeshkumar Soni,

        Plaintiff,

    v.

Ur Jaddou, Director, U.S. Citizenship and
Immigration Services,

        Defendant.

Case No. 3:23-cv-50061

Honorable Iain D. Johnston

**MEMORANDUM OPINION AND ORDER**

Plaintiff Umeshkumar Soni brings this action under the Administrative Procedure Act (APA) against Ur Jaddou—the director of U.S. Citizenship and Immigration Services (USCIS)—in her official capacity. Jaddou has moved to dismiss the complaint for lack of subject matter jurisdiction and its failure to state a claim. Because the Court finds that there is no subject matter jurisdiction over Soni's claim, Jaddou's motion is granted.

**I. Background**[1]

Umeshkumar Soni is a Canadian citizen who entered the United States illegally. *See* Compl. ¶ 30. He later applied for an immigrant visa, and though it proceeded favorably to the consular interview stage, he then faced an unpleasant choice. *Id.* ¶¶ 29, 32. Because he had been unlawfully present for more than one year, *see id.* ¶ 38, he was inadmissible to the United States under 8 U.S.C.

---

[1] All facts are drawn from the complaint and accepted as true.

§ 1182(9)(B)(i)(II). If he left voluntarily to attend his consular interview, he would become inadmissible for ten years. *Id.* If he stayed, he wouldn't trigger the bar, but his visa could also not be approved, and he couldn't become a legal permanent resident. *See id.* ¶ 15.

To escape this dilemma, Soni petitioned USCIS for a waiver of the bar, *id.* ¶ 30; such a waiver is available when the Secretary[2] determines, in his "sole discretion," that applying it to the petitioner would result in "extreme hardship" to certain citizen or legal permanent resident relatives. 8 U.S.C. § 1182(a)(9)(B)(v). Soni's I-601A petition was filed in September of 2021, but has not yet been decided. *Id.* ¶¶ 30, 31. Unhappy with the long wait, Soni filed this action, seeking to compel USCIS to dispose of his petition. *Id.* ¶¶ 41, 115.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant can assert that the court lacks subject matter jurisdiction, and the plaintiff's complaint should for that reason be dismissed. This may come in the form of a facial attack on the plaintiff's allegations. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* (cleaned up). When opposing a facial challenge, a plaintiff is afforded "similar

---

[2] Although the Immigration and Nationality Act (INA) still refers to the Attorney General, the functions he exercises under the Act have been transferred to the Secretary of Homeland Security. *See* 6 U.S.C. § 557. And the Secretary of Homeland Security has, in turn, delegated to USCIS the authority to "grant waivers of inadmissibility." *See* 6 U.S.C. § 275; DHS Delegation 0150.1(II)(Z) (effective March 1, 2003).

safeguards" as when facing a Rule 12(b)(6) motion: the allegations in the plaintiff's complaint are treated as true. *Id.* at 444.

## III. Analysis

### A. Judicial review under the APA

Under the APA, judicial review of agency action is generally available unless precluded by statute or committed to agency discretion by law. 5 U.S.C. § 701(a). This review extends to "agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). Under the APA, agency action includes an agency's "failure to act," *id.* § 551(13), but judicial review of an alleged failure to act is available only when a plaintiff seeks to compel a discrete action, like a "failure to promulgate a rule or take some decision by a statutory deadline," that is legally required. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004).

Judicial review of waivers for inadmissibility based on unlawful presence, however, is limited by 8 U.S.C. § 1182(a)(9)(B)(v) (the second of sentence of which constitutes the "jurisdiction strip"), which provides that "[n]o court shall have jurisdiction to review a decision or action by the [Secretary] regarding a waiver."

### B. Subject matter jurisdiction over Soni's claim

Even if Soni's claim of unreasonable delay would otherwise be susceptible to judicial review under the APA, the jurisdiction strip divests this Court of jurisdiction.

3

*i. APA definition of "agency action"*

Jaddou argues that because (1) the APA defines "agency action" to include a

failure to act, and (2) the jurisdiction strip precludes review of agency "action,"

Soni's claim of unreasonable delay—that is, a failure to act—is barred, a conclusion

compelled by the importation of the APA definition into the jurisdiction strip.

Several courts have relied, at least in part, on this reasoning to find against the

existence of subject matter jurisdiction. *See, e.g.*, *Boczkowski v. Mayorkas*, No.

23–cv–02916 (N.D. Ill. Oct. 6, 2023) (Durkin, J.); *Mercado v. Miller*, No. 22-cv-

02182, 2023 WL 4406292, at *2 (D. Nev. July 7, 2023); *Echeverri v. U.S. Citizenship*

*& Immigr. Servs.*, No. 23-CV-21711, 2023 WL 5350810, at *4 (S.D. Fla. Aug. 21,

2023)

The effective scope of the APA definitions, however, is limited to the APA

itself, *see* 5 U.S.C. § 551, and the Seventh Circuit has cautioned against the use of

the whole code canon. *White v. United Airlines, Inc.*, 987 F.3d 616, 624 (7th Cir.

2021) ("[Its] application . . . rests on a shaky foundation. Appeals to consistency

with other areas of the U.S. Code—especially different titles of the Code 'represent

a . . . risk of judicially overriding legislative assumptions and policies . . . .'"). So the

APA definition can't decisively resolve the meaning of the jurisdiction strip.

*ii. Statutory interpretation*

Those courts that have rejected the dispositive force of the APA and reached

the stage of ordinary statutory interpretation have divided as to whether the

jurisdiction strip is effective as to similar claims of unreasonable delay. *Compare*

*Beltran v. Miller*, No. 23CV3053, 2023 WL 6958622 (D. Neb. Oct. 20, 2023), *and*

*Ybarra v. Miller*, No. 23CV3082, 2023 WL 7323365 (D. Neb. Nov. 7, 2023) (holding

that the jurisdiction strip was effective as to such claims), *with Lara-Esperanza v.*

*Mayorkas*, No. 23-cv-01415, 2023 WL 7003418, (D. Colo. Oct. 24, 2023), *and Bamba*

*v. Jaddou*, No. 23-cv-357, 2023 WL 5839593 (E.D. Va. Aug. 18, 2023) (holding that

it was ineffective).

Although there is a "well-settled presumption favoring interpretations of

statutes that allow judicial review of administrative action," *McNary v. Haitian*

*Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991), that presumption may be overcome by

"clear and convincing evidence of a congressional intent" to preclude review. *Reno v.*

*Cath. Soc. Servs., Inc.*, 509 U.S. 43, 44 (1993). When a statute—especially one that,

on its face, purports to divest jurisdiction—is clear, there is no need to "resort to the

presumption of reviewability." *Patel v. Garland*, 596 U.S. 328, 347 (2022).

The jurisdiction strip again reads: "No court shall have jurisdiction to review

a decision or action by the [Secretary] regarding a waiver." Its key words are

therefore obviously: (1) decision, (2) action, and (3) regarding. Unless otherwise

defined, statutory language is interpreted according to its "ordinary meaning." *BP*

*Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006). The Oxford English Dictionary

defines, in relevant part, a decision as an "action or [the] fact of making up one's

mind as to an opinion, course of action, etc.," and an action as the "performance of

some activity or deed, typically to achieve an objective." Decision, n., Oxford Eng.

Dictionary (Sept. 2023), https://www.oed.com/dictionary/decision_n; Action, n.,

Oxford Eng. Dictionary (Sept. 2023), https://www.oed.com/dictionary/action_n. As to "regarding," *Patel v. Garland* dealt with a similar jurisdiction-stripping provision in the INA, and interpreted it as having a "broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *Patel*, 596 U.S. at 339 (2022) (cleaned up).

With these definitions, it seems fair to say that, in this context, a decision is some kind of conclusion, preliminary or final, as to a petitioner's suitability for a waiver, which is arrived at by the action of processing information and deliberating about a petitioner's suitability for a waiver. And the effect of "regarding" is to make judicial review of any matter "relating to [those] subject[s]" unavailable.

One court has concluded that because action and decision imply "some affirmative action, not inaction or a failure to act," claims for unreasonable delay are not covered by the jurisdiction strip. *Bamba*, 2023 WL 5839593, at *2. If the statute merely forbade judicial review of "decisions or actions on waivers," this argument might settle the matter. But "regarding" must still do some work.

Soni's petition for a waiver is not being processed in a vacuum—as he acknowledges, many other waiver petitions are pending and being acted upon. *See* Compl. ¶ 88. His quarrel is with the fact that his is not among the happy few. In effect, he asks the Court to inquire into USCIS's procedures, decide if they are reasonable, and, if need be, compel it to alter the way petitions are processed so that

his petition is processed more speedily, thereby displacing others.[3] Thus, any review of a putatively unreasonable delay as to his petition is necessarily review of the agency's decisions or actions "regarding [] waiver[s]"—that is, the other waivers under consideration—a conclusion also reached by other courts.[4] Because judicial review over these subjects is divested by the jurisdiction strip, Soni's claim must be dismissed.

Soni warns that reading the jurisdiction strip in this way will "end unreasonable delay claims for provisional waivers and leave USCIS as the sole arbiter of what is an unreasonable delay." Pl. Resp. at 3, at Dkt. 11. But the "theme" of the Illegal Immigration Reform and Immigrant Responsibility Act, which added the jurisdiction strip to the INA, was to "protect[] the Executive's discretion from the courts," *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999), an aim that is perfectly constitutional and within the competence of Congress. *See Sheldon v. Sill*, 49 U.S. 441, 449 (1850) ("Courts created by statute can have no jurisdiction but such as the statute confers."); U.S. Const. art. III, § 1; *see also Patel,*

---

[3] He asserts that the time involved to dispose of his petition would be "*de minimis,*" Compl. ¶ 91; but regardless of the burden on the agency, it would still necessarily involve judicial review "regarding" its action on waivers, which is prohibited by the jurisdiction strip.

[4] *E.g.*, *Beltran*, 2023 WL 6958622, at *6 ("USCIS's broader decision to momentarily allocate its resources to particular applications instead of others, are 'decision[s] or action[s] . . . regarding' I-601A waivers that—by statute—are insulated from judicial review."); *Ybarra*, 2023 WL 7323365, at *8 ("There are no allegations in the Complaint in this case that USCIS is failing or refusing to adjudicate any I-601A applications at all or failing or refusing to adjudicate Plaintiffs' application in particular . . . . [T]he jurisdiction-stripping language in the second sentence of § 1182(a)(9)(B)(v) expressly strips the Court of jurisdiction to review how USCIS is prioritizing its work—whether to do one thing at a particular pace instead of another thing or its choice to consider applications in the order submitted—as that is an action by the [agency] regarding a waiver under this clause.") (cleaned up).

596 U.S. at 346 (2022) (asserting in dicta that it was "possible that Congress . . . intend[ed]" to foreclose judicial review of a whole class of USCIS's discretionary decisions). This reading also comports with courts' general deference to agency decisions about the "proper ordering of its priorities," because the agency is "far better equipped . . . to deal with the many variables involved." *Heckler v. Chaney*, 470 U.S. 821, 832 (1985). Through the jurisdiction strip, Congress has ensured that courts will not engage in any second-guessing of the agency's decisions about how best to fulfill its mandate.

\*            \*            \*

Jaddou's motion to dismiss for lack of subject matter jurisdiction is granted.

Date: November 17, 2023

_____
Honorable Iain D. Johnston
United States District Judge

8